USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7-19-22

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

    - v. -

MAHMUD CHOWDHURY,
    a/k/a "Masum Chowdhury,"
    a/k/a "Uncle Masum,"

              Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

21 Cr. 456 (ALC)

        WHEREAS, on or about July 14, 2021, MAHMUD CHOWDHURY, a/k/a "Masum Chowdhury," a/k/a "Uncle Masum," (the "Defendant"), was charged in a two-count Information, 21 Cr. 456 (ALC) (the "Information"), with conspiracy to smuggle catfish, in violation of Title 18, United States Code, Section 371 (Count One); and smuggling catfish into the United States, in violation of Title 18, United States Code, Sections 545 and 2 (Count Two);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained; and, pursuant to Title 18, United States Code, Section 545, any merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof;

        WHEREAS, in or about 2019 and 2021, the Government seized the following property:

a) all property contained inside container OOLU6230482, seized on or about January 25, 2019;

b) all property contained inside container OOLU6282300, seized on or about August 5, 2019;

c) all property contained inside container OOLU6204077, seized on or about August 13, 2019;

d) all property contained inside container OOLU6263763, seized on or about January 25, 2019; and

e) all contraband seized during the execution of search warrants on or about October 17, 2019 at 56-29 56th Drive, Maspeth, NY 11378 and 56-09 56th Drive, Maspeth, NY 11378;

f) a check in the amount of $300,000.00 made payable from the checking account of Asia Foods Distributor Inc. (Chase Account Number xxxxx6822) to "CBP FPF," seized on or about March 2, 2021 and deposited (the "Check").

(a through f, collectively the "Specific Property");

WHEREAS, on or about October 7, 2021, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 545 and 982(a)(2)(B), a sum of money equal to $354,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, and all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $354,000 in United States currency, representing proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants Firoz Ahamad, Shakil Ahmed, and

jointly and severally liable with the Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, MAHMUD CHOWDHURY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection (or its designee) is

hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. The Check forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *(signed)* Thomas John Wright      July 15, 2022
THOMAS JOHN WRIGHT      DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2295


MAHMUD CHOWDHURY

By: *(signed)*      7/15/22
MAHMUD CHOWDHURY      DATE

By: *(signed)*      7/15/22
GEORGE A. FARKAS, ESQ.      DATE
Attorney for Defendant
32 Court Street, Suite 408
Brooklyn, New York 11201
(718) 625-2500


SO ORDERED:

*(signed)*      7/15/22
HONORABLE ANDREW L. CARTER, JR.      DATE
UNITED STATES DISTRICT JUDGE